CHARLES O'LEARY, Appellant, *v.* THE BOARD OF EDUCATION
OF THE CITY OF NEW YORK, Respondent.

A public officer, whose salary is fixed, cannot be deprived thereof without
sufficient cause. While sickness may, in some cases, be a good ground
for his removal, yet where it appears that his absence on account thereof
has been permitted, his right to the salary is ·not affected thereby until
some action is taken by the proper authorities.

The exercise of its discretion by a board of public officers in determining
when and to what extent persons in their employ may be excused be-
cause of sickness or temporary disability, will not be overruled unless it
appears clearly that it has been abused.

Plaintiff was a clerk in defendant's employ, and as such rendered services
until November, 1870, when he made application for leave of absence on
account of disease of the eyes. This was filed with defendant, with an
indorsement thereon by the chairman of defendant's finance committee
to the effect that it was granted; no limit was stated. Plaintiff re-
ported from time to time, and, in May, 1871, under advice of his physi-
cian, he went abroad, defendant's president having given him permission
so to do. Plaintiff's salary for May and June were audited, but not paid.
In September, 1871, the finance committee, by resolution, directed plaint-
iff's removal, the same to take effect May 1, 1871. In an action to re-
cover salary from that date up to the time of removal, *held*, that
plaintiff was entitled thereto; that the evidence showed defendant
had knowledge of and ratified the leave of absence, even if origi-
nally it was insufficient, and recognized plaintiff as still in its employ
and entitled to pay, and so was estopped from claiming that he was not;

that as the leave granted could have been withdrawn at any time, until this was done or plaintiff removed he was entitled to his salary; that therefore the resolution, so far as it purported to date back the removal, was invalid.

A fact once admitted by a corporation, through its officer, properly acting within the scope of his authority, is evidence against it, and the doctrine of estoppel applies thereto.

*People, ex rel. Burnett,* v. *Jackson* (85 N. Y. 541), distinguished.

(Argued May 9, 1883 ; decided June 5, 1883.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made January 5, 1880, which affirmed a judgment in favor of defendant, entered upon the report of a referee. (Reported below, 9 Daly, 161.)

The nature of the action and the material facts are stated in the opinion.

*James M. Lyddy* for appellant. The defendant is estopped from denying or claiming that the plaintiff, in view of the facts, was not in their employ, because they excused him, and for good cause, from the performance of duties, and duly audited and allowed his salary for the months of May and June, and on September 26 the board removed him from office and notified the plaintiff accordingly of his removal. (*Curran* v. *Mayor*, 79 N. Y. 510.) An incumbent of a public office, entitled to an annual salary, cannot be deprived of any part of it by an authority which did not fix the salary, and which is prohibited from doing so ; and no part of it can be withheld from him by reason of his involuntary disability to perform the duties of such office. (*Ryan* v. *French*, 21 N. Y. Daily Reg., No. 98 ; *S. C.*, 14 W'kly Dig. 173.)

*D. J. Dean* for respondent. The present defendant cannot, under any state of facts, be liable to the plaintiff for his salary accrued in 1871. (Laws of 1871, chap. 574, § 7, p. 1244 ; Laws of 1873, chap. 112, p. 196.) The resolution of the finance committee is not sufficient to excuse plaintiff from the performance of service ; it does not appear that resolution was ever

adopted, sanctioned or ratified by the board of commissioners governing the department. (*Jex* v. *B'd of Education*, 1 Hun, 159.) The board governing the department had no power to grant pensions or other eleemosynary aid to needy or unfortunate clerks; the claim of the plaintiff is substantially a claim to a gratuity which the board had no power to grant. (Laws of 1851, chap. 386, § 2 ; 1 Bliss, Olney & Whitney, compilation of N. Y. city laws, 740; *People, ex rel. Burnett,* v. *Jackson,* 85 N. Y. 544; *Haswell* v. *The Mayor,* 81 id. 255.) The power to grant gratuities, even as additional compensation, in excess of the lawful salary or fee for service actually performed, has invariably been denied by courts to exist in administrative agencies created by the legislature to exercise power defined by statute. (*Heslip* v. *Sacramento,* 2 Cal. 580 ; *Hatch* v. *Mann,* 15 Wend. 44; *Palmer* v. *Mayor,* 2 Sandf. 318; *Cowen* v. *Mayor,* 6 T. & C. 151; *Sup'vrs* v. *Ellis,* 59 N. Y. 620.) The plaintiff having rendered no service cannot recover salary. (*Connor* v. *Mayor, etc.,* 1 Seld. 285 ; *Smith* v. *Mayor, etc.,* 37 N. Y. 518; 2 Sandf. 355, 374; *Dartmouth College* v. *Woodward,* 4 Wheat. 627; *People* v. *Warner,* 7 Hill, 8; 2 Denio, 272.)

MILLER, J. The plaintiff claims to recover for his salary as a clerk in the employment of the board of education, from the 1st of May, 1871, to the 26th of September, 1871, when the finance committee, by a resolution, directed that he be removed, and that his removal take effect from the 1st of May, previous. The plaintiff was appointed to his position in 1869 and rendered services until November, 1870, when he made application, stating that he was about having an operation for cataract performed, and asking for leave of absence until his sight should be restored. Upon the letter asking for leave, and filed with the board of education, was an indorsement, signed with the initials of the chairman of the finance committee, to the effect that it was granted with inquiries to be made from time to time by the clerk of the board. It would thus seem that the board of education had cognizance

of the application and through its financial officer signified its assent to the same. The plaintiff had an operation performed, and reported at the office of the board in February, 1871, but being still unable to perform any duty, on account of his eyes, he was obliged to have another operation performed in the month of March. He again reported in May, 1871, and stated to the president of the board and one of the officers that he was advised to go to Ireland for the benefit of his health. He presented to them the doctor's certificate and they told him he could go. Upon the facts stated, there would seem to be no question but that the plaintiff acted under a belief that he had a leave of absence which authorized him to go to Europe on account of the difficulty under which he labored, and it would seem that the officers of the defendant, with whom he had communication on the subject, must have supposed that such was his intention. It is true the leave of absence was somewhat indefinite, no time being fixed by which it was limited to any particular period; but the leave of absence which was granted could have been withdrawn at any time by the defendant, or, in the discretion of the board, brought to an end by a notice to plaintiff that his services were no longer required, or a resolution discharging him from his position would have relieved the defendant from the effect of the permission granted to him and exonerated it from all liability. This was not done until September following, as already stated, when he was informed that his services were no longer required. That the defendant considered the plaintiff in its employment until he was thus discharged is indicated very clearly by its action in regard to the payment of his salary. The pay-rolls for the months of May and June show that the plaintiff's salary for these months was audited by the auditing committee of the board. The defendant thus recognized that the plaintiff was still in its employment and entitled to pay as one of its employes. This was an approval and a ratification of the leave of absence which had been previously granted, and even if such leave originally, of itself, was insufficient, the subsequent action in allowing plaintiff the amount of salary he claimed to

be entitled to, evinces that the defendant assented to his absence and considered him still in its employment. The plaintiff was clearly entitled to the amount of salary which had been audited to him for the months of May and June, nor are we able to see any reason why he should not be entitled to his salary subsequent to that period and up to the time when the resolution of removal was adopted. He left for Europe on the 15th of May, and at that time no action had been taken by the defendant. He was clearly entitled to his salary up to that date, and the auditing of the bills continued it up to the 1st of July. After that and until the early part of September the public schools were closed as also was the office of the department and the general office, and all the employes went on their vacation. There was then no service for the plaintiff to perform during this period, and he had the leisure which was allotted to all in the department and to which he was clearly entitled with them.

The defendant having excused the plaintiff for good cause and sufficient reasons from a temporary discharge of his duty, and failing to take any action indicating its intention to relieve him from his office, we think must be regarded as assenting to his absence and it is estopped from insisting or claiming that the plaintiff was not in its employment. If it was considered that his duties were at an end, some steps should have been taken and he notified that such was the intention of the board.

A fact once admitted by a corporation through its officer duly and properly acting within the scope of his authority, is evidence against it and cannot be withdrawn to the prejudice of any one who in reliance upon it has changed his situation in respect to the matter affected thereby. In such a case the doctrine of estoppel applies to a corporation as well as to an individual. (*Curnen* v. *Mayor, etc.,* 79 N. Y. 514.) When the salary of a public officer is fixed, such officer is entitled to his salary and it cannot be taken away except for good and sufficient cause. While sickness in some cases may furnish sufficient reason for the removal of such officer, yet where the evidence shows that his absence on account of the same has been permitted,

no valid reason exists why he should not be entitled to compensation until some action is taken on the subject. (*People*, *ex rel. Ryan*, v. *French*, 14 W'kly Dig. 173.) The resolution of the auditing committee, so far as it purposed to affect and date back the plaintiff's removal to the 1st of May, could have no force. It could not impair the leave of absence which had previously been granted and which was subsequently ratified by the action of the board. The rights of the plaintiff, which had accrued prior to the resolution, could not be affected thereby, it was retrospective in its character and operation and without any validity whatever.

We think that the finding of the referee, that the plaintiff was not in the employment of the defendant, was erroneous and cannot be upheld. The claim of the respondent's counsel that the resolution of the finance committee was not sufficient to relieve plaintiff from service cannot be sustained. There is nothing to show a want of authority in such committee, and the presumption is that it was authorized, in view of all the facts, to grant him leave of absence. The subsequent action in auditing the plaintiff's salary and the failure of the board to take any action discharging him, until the resolution of the finance committee in September, to which reference has been had, evinces that the leave of absence was granted by the proper authority. There is no ground for claiming that the allowance of the plaintiff's claim was in the nature of a pension or a gratuity and without the sanction of law. A discretionary power must exist in a board of public officers to determine when and to what extent persons in their employment should be excused by reason of sickness or temporary disability, and unless it is clear that such discretion has been abused it should not be overruled and disregarded. In the case of *People, ex rel. Burnet*, v. *Jackson* (85 N. Y. 541), the board allowed payment to the estate of a deceased teacher, and the question involved was entirely of a different character from the one here presented. The principle there involved has no application to the case at bar, where the officer was recognized as being in the employment of the board. The

case now presented does not involve the question as to the power to grant gratuities as additional compensation for services rendered which are not authorized by law.

We think the defendant was clearly liable for the payment of the plaintiff's claim, and the judgment should be reversed, a new trial granted, costs to abide the event.

All concur, except Andrews and Earl, JJ., dissenting.

Judgment reversed.