MARY E. DEVLIN, as Administratrix, etc., of JAMES DEVLIN, Deceased, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

*Discharge of servant for sickness — when notice of the discharge must be given to him.*

Upon the trial of this action, brought to recover the salary of James Devlin, the plaintiff's intestate, for the years 1879 and 1880, it appeared that Devlin was employed in the finance department of the city of New York as door-keeper, and that from the commencement of his employment until the end of the year 1878 he was regularly paid, although he was absent by reason of sickness and on leave for some months during that year. During the years 1879 and 1880 he was sick, and only occasionally appeared at the office. His name, however, appeared upon the pay-rolls each month, but the amount of the salary was erased by having a line drawn through it in red ink, pursuant to an order of the comp-troller, and on the margin of the roll were written the words "absent all the month, sick, without pay." This fact was not communicated to Devlin, nor was he ever notified that his services were no longer required.

*Held,* that he was entitled to receive his salary for the years named.

*O'Leary* v. *Board of Education* (93 N. Y. 1) followed.

APPEAL from a judgment in favor of the plaintiff, directed by the court at circuit.

*David J. Dean,* for the appellant.

*Charles E. Miller,* for the respondent.

BRADY, P. J.:

This action was brought to recover the salary of James Devlin, the plaintiff's intestate, for the years 1879 and 1880, at the rate of ninety dollars per month. His employment was admitted by the defendants, but it was claimed that he performed no services during the years named.

Upon the trial it appeared that Devlin was employed in the finance department as door-keeper, and that, from the commencement of his employment until the end of the year 1878 he was regularly paid, although he was absent by reason of sickness and clearly on leave for some months during that year. It also appeared that, during the years 1879 and 1880, he was sick, and although only occasionally present at the office of the comptroller, his name still appeared upon the pay-rolls, and the amount of his salary, also, for each month. The deputy comptroller, who was examined as a witness, stated that Mr. Devlin was sick during the years mentioned, and that the nature of his malady was such that it was supposed he would never recover.

The amount of the salary, it appears, was erased by a line drawn through the same in red ink, by order of the comptroller, and on the margin of the pay-roll were written the words "absent all the month, sick, without pay." But there is no pretense that this was communicated to Devlin, or that he was ever notified that his services were no longer required, although this erasure and memorandum appears to have been repeated during each month of the two years mentioned.

The case presented, therefore, is the claim of a person who was employed in the finance department whose absence was occasioned by sickness, and, therefore, justifiable; who occasionally presented himself at the proper place, and to whom no notice of his removal or of the intention of the department to withhold from him his

pay, was ever communicated.  His occasional presentation at the finance department would indicate that he still regarded himself as subject to orders, whilst the erasure of the sum for his monthly compensation would seem to indicate that the department did not intend to pay him his salary, in consequence of his non-performance of the duties of his position.  The difficulty in regard to the last indication is, that it was not, according to the record, made known to the intestate, and was, therefore, nothing more than a private memorandum indicating that the department intended to make him no compensation because he performed no duty.  If he had been advised of this intention, and had not then rendered the services which his position demanded, the city would not be liable for the amount of salary agreed to be paid; his occasional call at the office of the finance department, and the absence of any notification that his services were no longer required or that he would not be compensated, justified the inference by him that his leave of absence was continued.  In other words, the omission to notify him as suggested was a circumstance from which he might well infer that his leave of absence was continued.  And we think that this view of the case brings it within the rule established by the case of *O'Leary* v. *The Board of Education* (93 N. Y., 1).  The court in that case, which was one of absence, said that it was true that the leave of absence was somewhat indefinite, no time being fixed by which it was limited to any particular period; but that it could have been withdrawn at any time by the defendant, or, in the exercise of a discretion, brought to an end by notice to the plaintiff that his services were no longer required, or by a resolution discharging him from his position.

That a leave of absence was given Devlin is established by the fact that during a part of the year 1878 he was absent from the same cause which prevented his attendance in 1879 and 1880, and his salary was, nevertheless, paid for such part.  We think, as suggested in the case cited, that there should have been some notification to him under the circumstances, that his services were no longer required, and that, as such notification was not given, the judgment should be affirmed.  An examination has been made of the cases referred to by the learned counsel for the appellant in his brief, but they are regarded as having no controlling effect, except the case of

*O'Leary* (*supra*), also cited, and of which the result declared herein is predicated.

For these reasons the judgment should be affirmed, with costs.

Daniels and Macomber, JJ., concurred.

Judgment affirmed, with costs.