(38 Misc. Rep. 706.)

MURPHY v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. October, 1902.)

1. SCHOOL TEACHERS—DEDUCTION FROM SALARIES.

    Where the city board of education refused, in its discretion, to excuse, because of prior frequent absences from duty, an absence by a public school teacher of 68 days, caused by her illness, she cannot recover the compensation deducted for such absence; she not being a city officer, but a mere employé.

Action by Margaret Murphy against the board of education of the city of New York for money deducted by the board from her salary as teacher on account of absence. Complaint dismissed.

F. M. Hardenbrook, for plaintiff.

E. J. McGuire, Asst. Corp. Counsel, for defendant.

GILDERSLEEVE, J. The plaintiff is a public school teacher, and was absent from duty on about 68 school days on account of illness. The defendant deducted from her salary the compensation for these days of absence. The plaintiff sues to recover this amount, claiming that defendant was without authority to make any deduction from her yearly salary. The deductions from salaries made on account of the absences of school teachers from their duties are devoted to the public school teachers' retirement fund. The position of a public school teacher is not that of an officer, but one of an employé, whose employment is contractual. See Steinson v. Board, 165 N. Y. 431, 59 N. E. 300. A contract for personal services is subject to the implied condition that the person so employed shall be able to perform the services at the time appointed therefor. Spalding v. Rosa, 71 N. Y. 40, 27 Am. Rep. 7. The charter conferred upon the defendant the power to make by-laws for the proper execution of all powers vested in the said defendant, and for the promotion of the welfare and best interests of the public school system. Sections 1070, 1083, 1090. Among these powers so vested in defendant is the management of the public school teachers' retirement fund, which, according to the provisions of the charter (section 1083), shall consist, among other things, of "all money, pay, compensation, or salary, or any part thereof, deducted or withheld from any teacher or teachers for and on account of absence from duty for any cause." The defendant made by-laws for the regulation of the absence of teachers from duty, which conferred a discretionary power to excuse such absences for certain reasons and under certain circumstances. The plaintiff, in accordance with the

procedure indicated by the by-laws, made an application to be excused, with pay, for these absences; but the defendant refused her application on account of the large number of her previous absences. Such refusal was within the discretionary power of the defendant. By-Laws, § 44, subd. 5; Id. § 27, subds. 5, 6; Id. § 74, subd. 4; Id. § 28, subds. 2–4. The course pursued by the defendant in this matter seems to have been in entire conformity with the provisions and requirements of the by-laws, and no ground for the interference of this court is presented. The case of O'Leary v. Board, 93 N. Y. 1, 45 Am. Rep. 156, cited by the plaintiff, is not controlling here. In that case it was held that:

"A public officer, whose salary is fixed, cannot be deprived thereof without sufficient cause; and, while sickness may in some cases be a good ground for his removal, yet, where it appears that his absence on account thereof has been permitted, his right to the salary is not affected thereby until some action is taken by the proper authorities."

In the case at bar, it is true, plaintiff has a fixed yearly salary, payable monthly, in equal proportions. But plaintiff is not a "public officer, but an employé, whose employment is contractual." See Steinson v. Board, 165 N. Y. 431, 59 N. E. 300. Nor was plaintiff's absence on account of illness permitted by defendant, since defendant's by-laws provided for a deduction from plaintiff's salary by reason of her absence, unless such absences were expressly excused by defendant, upon an application made, in a specified way, by plaintiff. There are other points of dissimilarity between the O'Leary Case and the case at bar, which it is unnecessary to point out.

The complaint herein must be dismissed.