OPINION OF THE COURT
Cooke, J.
At stake here is the right of petitioners, retired elected public officials of Otsego County who headed their divers offices, to receive additional service credit for accumulated unused sick leave at the time of retirement included in the calculation of their respective retirement allowances.
Petitioner Bookhout served as Surrogate from 1958 until his retirement on December 31, 1974; petitioner Jones, as County Treasurer from 1951 until retirement on December 31, 1974; petitioner Loomis, as County Judge and Family Court Judge[1] *615 from 1952 until retirement on November 1, 1970; and petitioner Atwell, as County Clerk from 1941 until retirement on December 31, 1974. Upon retirement, each became entitled to pension benefits payable by the New York State Employees’ Retirement System. Upon notification that their respective pensions would be computed to the exclusion of unused sick leave and sums paid for unused vacation time,[2] petitioners, pursuant to section 74 of the Retirement and Social Security Law, demanded hearings and redeterminations of their respective retirement allowances. Following a consolidated hearing, a final determination, including findings of fact and conclusions of law, was made on behalf of the Comptroller denying petitioners’ applications for recomputation. This article 78 proceeding was then instituted for recomputations of petitioners’ retirement allowances, applied retroactively from their respective dates of retirement and so as to credit each petitioner with earned and unused sick leave and with lump-sum payments for unused vacation time. On reaching the Appellate Division, that court modified the Comptroller’s determination to the extent of annulling that portion denying to petitioners additional service credit for accumulated unused sick leave at the time of retirement. It was held, however, that petitioners were not entitled to retirement credit for lump-sum payments for accumulated unused vacation time. The only appeal taken from the Appellate Division judgment was by the Comptroller from that part thereof which modified his determination in respect to sick leave credit and, since petitioners have taken no appeal and seek affirmance, the issue in respect to credit for payments for vacation time is not before this court.
Factors employed in calculating retirement allowances include final average salary and length of service (see Retirement and Social Security Law, § 75-g), the issue here being centered on the service credit component of the mathematical process. Petitioners rely on section 33 and subdivision j of section 41 of the Retirement and Social Security Law. Section 33, as originally added by chapter 467 of the Laws of 1970 and as amended by chapters 382 and 1046 of the Laws of 1973, provides, inter alia, that, upon proper adoption, filing and approval, where required, of a resolution, a participating *616 employer may elect to provide for its own employees the benefit provided for persons in the employ of the State listed in subdivision j of section 41. In turn, said subdivision j, as added by chapter 457 of the Laws of 1970 and which became effective on May 5, 1970, provided:
"j. Allowance for unused sick leave for members in the employ of the state.
"1. In addition to any other service credit to which he is entitled, a member who meets the requirements set forth in paragraphs two and three of this subdivision shall be granted one day of additional service credit for each day of accumulated unused sick leave which he has at time of retirement for service, but such credit shall not (a) exceed one hundred sixty-five days, (b) be considered in meeting any service or age requirements prescribed in this chapter, and (c) be considered in computing final average salary.
"2. Such service retirement credit shall be granted only to members in the employ of the state who, prior to retirement, were subject to a plan established by law, rule, regulation, written order or written policy which provided for the regular earning and accumulation of sick leave.
"3. The provisions of this subdivision shall apply to members retiring from service of the state on or after April first, nineteen hundred seventy and prior to April first, nineteen hundred seventy-two” (emphasis added).
By virtue of two amendments made in 1973 (L 1973, ch 382, § 20, eff May 31, 1973, and L 1973, ch 1046, § 3, eff July 31, 1973), paragraph 3 of subdivision j was changed to read: "3. In the case of persons who last became members on or after July first, nineteen hundred seventy-three, the provisions of this subdivision shall apply only to those retiring from service prior to July first, nineteen hundred seventy-four.”
It is undisputed that on July 1, 1970 the Board of Representatives of Otsego County, the local legislative body of that municipal corporation (see General Municipal Law, § 119-n), adopted a resolution by which it elected "to provide the benefits of Section 41, subdivision-j of the Retirement and Social Security Law as presently or hereafter amended, granting allowance for unused sick leave for eligible employees”. Thus, since petitioner Loomis retired on November 1, 1970, he was a member who met the requirement of paragraph "3”, as in force at that time. However, as to petitioners Bookhout, *617 Jones and Atwell who retired on December 1, 1974, they did not qualify under the condition of the paragraph, either as originally enacted or as subsequently amended.
The first and third paragraphs of the subdivision must be read together not only because their terms so dictate but so as to conform to the elementary canon of statutory construction that all parts of a statute be read and construed together to determine the legislative intent (Gaden v Gaden, 29 NY2d 80, 86; McKinney’s Cons Laws of NY, Book 1, Statutes, § 97). That intent, to make paragraph "3” clearly applicable to retirees whose participating employer had elected to provide its employees with the benefit enjoyed by State employees under subdivision j of section 41, is also evident from the second 1973 amendment (L 1973, ch 1046, § 3, eff July 31, 1973) which deleted the words "of the state” following the words "retiring from service”, as the paragraph read after an earlier amendment (L 1973, ch 382, § 20, eff May 31, 1973). It is also significant as evincing a general plan that the predicate period for retirement under paragraph 3, authorizing the grant to a member of additional service credit for accumulated unused sick leave, as originally enacted, was from on or after April 1, 1970 and prior to April 1, 1972 (L 1970, ch 457), the latter date of April 1, 1972 being the cutoff point for the inclusion in the salary base for the computation of retirement benefits of lump-sum payments for sick leave, under section 431 of the Retirement and Social Security Law.
Although section 431 prohibits the inclusion in the salary base for computation of retirement benefits of lump-sum payments earned or received on or after April 1, 1972 for items such as sick leave and accumulated unused vacation credits, the latter being the subject of this court’s determination in Kranker v Levitt (30 NY2d 574), no solace would be acquired by petitioners in employing reasoning analogous to that enunciated in Kranker. This is so because of the undisputed proof here that the retirement system has followed a consistent policy of disallowing the accumulated unused sick leave of all elected officials in the calculation of their retirement benefits. Hence, there is no administrative practice which might be found to have given rise here to a vested or contractual right to additional service credits for such unused sick leave (see, also, Matter of Weber v Levitt, 34 NY2d 797, 800).
The offices of County Judge, Surrogate, Judge of the Family *618 Court, County Clerk and County Treasurer are elective (County Law, § 400, subd 1). The incumbent of each of these offices continues to hold office until events such as his or her death, resignation, removal from office and for various other reasons (see Public Officers Law, §30, subd 1; see, also, §§ 2, 3). Each of the petitioners, as an officer of a municipality whose salary is fixed by law, is entitled to that salary, not as under a contract of employment, but as an incident of the respective office, and cannot be deprived of that salary so long as he or she rightfully holds that office (see Fitzsimmons v City of Brooklyn, 102 NY 536, 538-539; Grieb v City of Syracuse, 94 App Div 133, 136; 12 Opns St Comp, 1956, p 326; 11 Opns St Comp, 1955, p 413; 8 Opns St Comp, 1952, p 132). So long as each of them continued in office, he or she could not be deprived of the compensation attached thereto even if prevented by temporary incapacity, such as sickness, from performing the duties of the office (see O’Leary v Board of Educ., 93 NY 1, 6; 2A Antieau, Municipal Corporation Law, § 22.106, p 22-171; cf. Matter of Croker v Sturgis, 175 NY 158, 163-164). Of course, sickness involving a serious physical or mental defect resulting in actual disability to perform the duties of an office may furnish cause for removal (see People ex rel. Cline v Robb, 126 NY 180, 186; O’Leary v Board of Educ., supra; People ex rel. Haverty v Barker, 1 App Div 532, 538, affd 149 NY 607; see, also, NY Const, art VI, § 22, subd a; 48 NY Jur, Public Officers and Employees, § 250, pp 130-131).
 Despite the inappositeness of subdivision j of section 41 of the Retirement and Social Security Law to three of the petitioners, more basically in reference to all of them, the subject of unused sick leave is inimical and not relevant to elected holders of public office such as petitioners who are heads of their own departments or offices and who are permitted within broad limits to determine their own hours of work (see Callahan v Town of Athol, 345 Mass 572, 575). They were elected to perform certain exclusive powers and duties required of a County Judge and Judge of the Family Court, Surrogate, County Clerk and County Treasurer for which they received specific compensation (see 48 NY Jur, Public Officers and Employees, § 92, p 18; 63 Am Jur 2d, Public Officers and Employees, § 265, p 784). The mode of exercise of those powers and duties, if authorized and valid, and the time devoted to them, in the absence of such gross neglect as to warrant removal from office, were matters left separately to each of *619 them (cf. Callahan v Town of Athol, 345 Mass 572, 575, supra; see Matter of Croker v Sturgis, 175 NY 158, 160-161, supra; Matter of Pisciotta v Dendievel, 41 AD2d 949, 950; Matter of Baker v Baker, 87 Misc 2d 592, 593; see, also, NY Const, art VI, § 22, subd a; art XIII, § 13; Public Officers Law, § 33). Sick leave is a term and condition of employment (see Civil Service Law, § 204; see, e.g., Syracuse Teachers Assn, v Board of Educ., 42 AD2d 73, 76, affd 35 NY2d 743) which is not an attribute of or applicable to public offices held by elected officials. The very nature of petitioners’ offices contemplates that the occupants generally were free to take as much or as little time off as they might wish under a schedule they controlled (see 24 Opns St Comp, 1968, pp 88, 450; 17 Opns St Comp, 1961, pp 16, 148). Since there was no maximum time allowable for their sick leaves, or more correctly for their absences because of sickness, an instance would not have arisen requiring reimbursement by them for an excess of sick leave taken and, by the same token, credit should not be granted for any claimed unused sick leave. In short, there was no base from which unused sick leave could be measured and petitioners are not entitled to service credit for accumulated unused sick leave in the determination of the retirement allowance.
Accordingly, the judgment should be reversed, with costs, and the determination of the Comptroller reinstated.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Judgment reversed, etc.

. The Family Court of the State of New York was established by section 13 of article VI of the State Constitution. Under section 35 of said article, Children’s Courts were abolished and the Judges of the Children’s Courts in all counties outside the City of New York in office on the effective date of article VI continued for the remainder of their terms as Judges of the Family Court in and for the county in which they held office. Article VI became effective on September 1, 1962.
In Otsego County, the Judge of the County Court acts and discharges the duties of Judge of the Family Court (Family Ct Act, § 131, subd [b]). Prior to September 1, 1962, petitioner Loomis served as County Judge and Judge of the Children’s Court of Otsego County (NY Legis Manual, 1961-1962, pp 885-888).

. The notifcation to petitioner Loomis merely related to unused sick leave accruals, as he had been credited merely with accumulated unused sick leave and not with lump-sum payments for unused vacation time.