In the Matter of KATHRYN H. ABARE et al., Petitioners, *v.* PAYSON E. HATCH, as Supervisor of the Town of Willsboro, Respondent.

Third Department, April 20, 1964.

*Olin S. Nye* for petitioners.

*Pinckney, Cheeseman & McDermott* for respondent.

GIBSON, P. J.  In a proceeding under section 36 of the Public Officers Law to remove respondent from the office of Supervisor of the Town of Willsboro for misconduct, maladministration, malfeasance and malversation in office, petitioners move for summary judgment.  There is no dispute as to the facts.

On October 18, 1963, respondent was indicted upon some 20 counts of crime, including violations of sections 1863, 1864, 1865 and 1868 of the Penal Law, which relate generally to the audit and payment of fraudulent claims upon a municipal corporation; obtaining the proceeds of fraudulent audits or payments; misappropriation and falsification of accounts by public officers; and the prohibited interest of public officers in public sales and contracts; and violations of sections 1290, 1296 and 1298 of the Penal Law, relating to grand larceny and petit larceny, the subjects thereof being, in each instance, public funds.  All the violations were charged as of dates within petitioner's prior term of office.

In aid of his candidacy for re-election at the election of November 5, 1963, respondent circulated to the voters a letter

in which, among other things, he said that he had been indicted for larceny and then stated: "I can and shall acquit myself of these charges * * * I can prove that my intentions were not criminal." Instead, on December 11, 1963, following his re-election, respondent, in respect of each of five indictments, pleaded guilty of petit larceny, in each instance of public funds, and, in each instance, in satisfaction of all of the counts of the particular indictment, whereupon sentence was imposed in each of the five cases.

Upon service of the petition, respondent moved to dismiss on the ground that all of the acts charged were committed prior to respondent's re-election and that " the re-election of respondent by an electorate which was fully apprised of his shortcomings should not be judicially disturbed." The motion was denied (Feb. 21, 1964) and respondent then answered the petition, by alleging, *inter alia*, " that his technical violations of the statute * * * involve no moral turpitude and disclose no corrupt motive."

That a public officer may be removed for acts within the purview of section 36, committed during his preceding term of office is clear. (*Matter of Corwin* v. *Mercier*, 14 A D 2d 652; *Matter of Newman* v. *Strobel*, 236 App. Div. 371.) That larceny of public funds is such an act requires no discussion. The convictions here were *prima facie* evidence of the facts involved (*Schindler* v. *Royal Ins. Co.*, 258 N. Y. 310, 314; *Matter of Edelbaum*, 10 A D 2d 64, mot. for lv. to app. den. 7 N Y 2d 712), including, of course, the criminal intent which respondent denies, but which is, nevertheless, a necessary element of larceny —" the intent to deprive or defraud * * * or to appropriate " (Penal Law, § 1290) — as of other crimes of commission.

This conclusion leads us to — and necessarily rejects — respondent's contention that his re-election, with knowledge on the part of the electorate of his past derelictions, bars the application of section 36. Respondent's public disclosure was not complete. He admitted " guilt of mismanagement " but emphatically announced that he could and would acquit himself of the charges of crime. He said that he could prove " in open court " that his " intentions were not criminal "; but the convictions, upon pleas of guilty, of five charges of larceny were *prima facie* evidence that his intent was just that; and, absent any explanation, must now, for the purposes of this proceeding, be deemed conclusive. Consequently, he was not elected after disclosure, and with public knowledge of the facts, but, on the contrary, upon his assertion of innocent intent, which his postelection admissions of willful theft served to retract.

The motion for summary judgment should be granted, the application for removal granted and respondent removed.

REYNOLDS, TAYLOR, AULISI and HAMM, JJ., concur.

Motion for summary judgment granted, application for removal granted and respondent Payson E. Hatch removed from the office of Supervisor of the Town of Willsboro, without costs.