Ralph E. Cost, J.
The attorney for the respondent by oral motion seeks the dismissal of the order of adjudication of juvenile delinquency made on March 17,1970 and the subsequent placement of respondent for a period of 18 months in the New York State Training School, or in the alternative, that a new hearing be granted. The motion was opposed by the Board of Education’s attorney representing the petitioner.
On March 17, 1970 this court adjudicated the respondent a juvenile delinquent after a fact-finding hearing, based on the preponderance of evidence adduced from the testimony and other proofs offered in connection with the case. It was found that the respondent did the acts alleged in the petition. On March 10, 1970, at about 1:15 p.m. at Junior High School No. Ill, 35 Starr Street, Brooklyn, New York, the respondent who previously had been in an altercation was placed in the stairwell outside the lunchroom. Whereupon she tried to get back into the lunchroom and the petitioner tried to keep her from re-entering, she then did assault petitioner by striking him with her hands about the face, chest, back, and also by scratching his right hand.
The attorney for the respondent in the first instance argued that the findings of assault be dismissed and the dispositional hearing placing the respondent in the New York State Training School be revoked and that she be immediately released from custody. The United States Supreme Court in In re Winship (397 U. S. 358) decided March 31, 1970, held that as a matter of due process, the finding of juvenile delinquency must be ” proved beyond a reasonable doubt ”, and not by the “ preponderance of the evidence” rule. Counsel contends that respondent was convicted on the old evidentiary standard, ‘1 preponderance of evidence ’ ’ which until the WinsTúp decision had been the prevailing law in New York, and not by evi *255 dence “beyond a reasonable doubt”. This decision was rendered two weeks prior to the Supreme Court ruling. Respondent’s counsel contends that the court’s decision in the case at bar cannot stand for it would be tantamount to convicting an innocent person and that the court’s decision is a nullity.
Petitioner’s counsel argues that Winship, should not have controlling effect stressing that the instant case had been decided -pve-Winship and in accordance with the prevailing law. Petitioner further points out that since there was no mention of retroactive application in Winship, it is neither prohibited nor required by the Constitution.
Does the Winship holding have retroactive effect and if so, to what extent? If retroactivity is to be applied, should a new hearing be required, or is the present case instantly dismissed and the respondent discharged from custody. Does Winship (supra) apply only to this particular case, and prospectively only to future eases? Is the United States Supreme Court decision of In re Winship (supra) retroactive only to those cases which have not yet become ‘ ‘ final ” ? A case is ‘ ‘ final ’ ’ when the judgment of conviction has been rendered, incarceration or imprisonment has begun, the availability of appeal has been exhausted and the time to petition for certiorari has expired. Would retroactivity apply to habeas corpus proceedings commenced after the case had become “final”, but the respondent is still in custody? Does it conceivably apply to cases where the respondent has long since completed his sentence and the only purpose of retroactivity would be to expunge the record?
The New York law until In re Winship (supra) was: “ any determination at the conclusion of a fact-finding hearing that a respondent did an act or acts must be based on a preponderance of the evidence.” (Family Ct. Act, § 744, subd. [b].)
Since In re Winship (supra) does not discuss either retro-activity or prospective application of the decision, we must turn to an analysis of several United States Supreme Court decisions. An excellent summary of these cases is found in Matter of Roy M. v. People (33 A D 2d 232, 234) where the court stated: “ it appears the Supreme Court employs a three-pronged analysis in deciding whether particular decisions should apply retroactively. The three factors to be considered are ‘ (a) the purpose to be served by the new standards, (b) the extent of reliance of law enforcement authorities on the old standards, and (e) the effect on the administration of justice of a retroactive application of the new standards ’ ”.
*256 It should he noted in the beginning of a discussion on retro-activity, that the Supreme Court is neither required to apply nor prohibited from applying one of its new rules retroactively and it was recognized that the Constitution did not preclude the court from adopting the technique of purely prospective application. (Linkletter v. Walker, 381 U. S. 618; Tehan v. United States, 382 U. S. 406; Desist v. United States, 394 U. S. 244.)
The criteria for retroactivity is as follows: The purpose to be served by the particular new rule; the extent of reliance which has been placed upon the old rule; the effect on the administration of justice of a retroactive application of the new rule. (Linkletter v. Walker, supra; Desist v. United States, supra; DeStefano v. Woods, 392 U. S. 631; Johnson v. New Jersey, 384 U. S. 719; Ann. [1970], 22 L. Ed. 2d 821.) On United States Supreme Court Views As To Retroactive Effect of Its Own Decisions Announcing New Rules.
The courts seem to distinguish insofar as retroactivity is concerned, between exclusionary rules of evidence such as were involved in Mapp v. Ohio (367 U. S. 643) and cases such as Gideon v. Wainright (372 U. S. 335) which guaranteed the right to counsel in all State courts via the Fourteenth Amendment. The court in Gideon (supra), dealt-with the fundamental fairness of the trial and the very integrity of the fact-finding process and hence, should be applied retroactively.
The issue is whether the standard of proof 1‘ beyond a reasonable doubt ” in an adjudicatory hearing goes to the very integrity and fairness of the trial itself, and is not a procedural or exclusionary rule of evidence such as in Mapp v. Ohio (supra). The procedure for determining voluntariness of confession, was held to be entitled to general retroactive effect. (Jackson v. Denno, 378 U. S. 368; McNerlin v. Denno, 378 U. S. 575.)
Is “ proof beyond a reasonable doubt ” comparable to right to counsel (Gideon v. Wainright) and voluntariness of confession (Jackson v. Denno) and hence, retroactively applicable? Chief Judge Fuld of the New York Court of Appeals in his dissenting opinion in Matter of Samuel W. (24 N Y 2d 196, 203) said that in effect what is involved is but an extension of Matter of Gault (387 U. S. 1). In other words, In re Winship (supra) had been predicted by Gault and cannot be said to have been novel or unanticipated. In this connection see, also, Matter of Joseph S. (N. Y. L. J., March 13, 1970, p. 17, col. 4):
" The trumpets have already sounded in Gault # # * the last assault on the remaining inequities for juveniles are beginning to rumble in the valleys and their thunderous din may soon reach the mountain top with a crashing crescendo and *257 sweep the remaining harriers of proof of guilt that presently 1 separate the men from the boys ’ in serious criminal trouble
“ [The] standard [of reasonable doubt] has been so deeply imbedded in our law, is so fundamental and universal, that no one would venture in an ordinary criminal case to apply a standard less stringent. It is essential to due process not only because of the deprivation of liberty which could result but also because of the vital part it plays in the entire criminal procedural scheme.” (Matter of Samuel W., 24 N Y 2d 204, dissenting opn. by Fuld, Ch. J.)
Due process demands that proof in a delinquency proceeding be beyond a reasonable doubt. (Matter of Urbasek, 38 Ill. 2d 535; United States v. Costanzo, 395 F. 2d 441; Matter of Samuel W., supra, p. 205.)
The prosecution’s duty to establish guilt beyond a reasonable doubt “ is a requirement and a safeguard of due process of law in the historic procedural content, of ‘ due process ’ ” (Matter of Samuel W., supra, p. 207; cf. Leland v. Oregon, 343 U. S. 790, dissenting opn. Frankfurter, J., pp. 802-803).
Proof beyond a reasonable doubt is fundamental to due process and as is the guaranteeing of a right to counsel, goes to the integrity of the fact-finding process and the fairness of the trial. It must therefore be granted retroactivity as a constitutional principle in our criminal and juvenile delinquency laws.
The motion to grant an automatic dismissal on the basis of the decision in In re Winship (supra), is denied as is the motion releasing the respondent from custody.
The motion for a new hearing is granted.
Since the criminal law standard of proof beyond a reasonable doubt is now applied to juvenile delinquents, counsel for the petitioner in the instant case is entitled to another day in court. There is a difference in the quantum of proof required between these standards. “ Preponderance of the evidence” would of necessity have to be included in 1 ‘ proof beyond a reasonable doubt ”. The reverse is not true. (20 Am. Jur. 1257-1260; 20 Am. Jur. 1101-1102.)
¡Retroactivity of Winship is easily applicable to the instant case. Although the judgment of conviction had been rendered, the availability of appeal has not been exhausted and the time to petition for certiorari has not elapsed.
A new hearing should be had to enable the counsel for the petitioner in the instant case to go forward and produce additional evidence to show the now required proof of guilt beyond a reasonable doubt. A new hearing will enable the attorney for *258 the respondent, to show that no new evidence can he legally adduced and thus the case against the respondent will have to be dismissed.
The following are the general rules and principles relative to the application of retroactivity in juvenile cases based on United States Supreme Court decisions:
1. If the court indicated in its decision that there would be no finding if the standard was required to be found “ guilty beyond a reasonable doubt ”, and that juvenile is still incarcerated or in training school, then he must be released and acquitted. A new hearing would be an unnecessary duplication of the previous trial where guilt had been found only on the now unlawful preponderance of evidence. (Matter of Samuel W., supra, p. 206; Matter of Gault, supra; Matter of Gregory W., 19 N Y 2d 55; United States v. Costanzo, supra; Leland v. Oregon, supra; Tehan v. United States, supra; Johnson v. New Jersey, supra; Stovall v. Denno, 388 U. S. 293; People v. Ballott, 20 N Y 2d 600; Holland v. United States, 348 U. S. 121; Matter of Winship, supra.)
2. "Where the conviction had already become final — the judgment of conviction had been rendered, the availability of appeal had been exhausted and the time for certiorari had elapsed and the juvenile is still incarcerated, and a habeas corpus proceeding has commenced, the Winship case can be applied retroactively and the juvenile awarded a new hearing. This is a logical extension of retroactivity since the juvenile is still in custody and proof beyond a reasonable doubi has a strong bearing on guilt and is more than an exclusionary rule of evidence. (Matter of Gault, supra; Gideon v. Wainwright, supra; Linkletter v. Walker, supra; Jackson v. Denno, supra.)
3. Where the juvenile has completed his sentence and is no longer incarcerated, it is difficult to understand how retroactivity can be applied. It is inconceivable that the Supreme Court intended Winship to have the effect of permitting the reopening of old cases, for it would seriously disrupt the administration of justice. To allow this could only be for the purpose of expunging the record. The question of guilt or innocence has long since become moot in this category. (St. Pierre v. United States, 319 U. S. 41; United States v. Cariola, 323 F. 2d 180, 182; Sokol, Federal Habeas Corpus, p. 3.)
A practical cut-off point for refusing to apply retroactivity is when the juvenile has already completed his sentence. The liberty already lost cannot be regained and unlike his adult counterpart also accused of serious crimes and who has completed his time, no stigma attaches to the juvenile.
*259 As the Winship ease specifically pointed out (p. 366): 66 Use of the reasonable-doubt standard during the adjudicatory hearing will not disturb New York’s policies that a finding that a child has violated a criminal law does not constitute a criminal conviction, that such a finding does not deprive the child of his civil rights, and that juvenile proceedings are confidential.”
In Matter of Roy M. v. People (supra), retroactivity was allowed to cases already concluded to expunge orders of the former Domestic Relations Court in 1947 and 1948 adjudging the petitioner to be a juvenile delinquent, but it is distinguishable from Winship in that the latter deals with the standard of proof required to convict a child of juvenile delinquency. Roy M. deals with the higher standard of constitutional justice, the right to counsel. Absence of counsel is a violation of the Sixth Amendment of the United States Constitution as well as the Fourteenth Amendment (due process). The courts have held in Gideon (supra) and other cases that it is far more serious to be convicted or adjudged a juvenile delinquent without the guiding hand of counsel present at each and every stage of the trial or hearing. (Gideon v. Waiwwright, supra; Miranda v. Arizona, 384 U. S. 436; Escobedo v. Illinois, 378 U. S. 478; United States v. Wade, 388 U. S. 218; Gilbert v. California, 388 U. S. 263; Stovall v. Denno, supra; Matter of Gault, supra.)
Where custody and incarceration are still involved as in Winship, retroactivity should apply. To grant retroactivity where there is clear and present danger of convicting the innocent is of fundamental constitutional importance. In the case of juveniles, it is not of such imminent or present importance to apply retroactivity to attempt to expunge records, it is moot and not constitutionally meaningful.
In this particular case, the best interests are served by granting retroactivity. It is consistent with the Supreme Court decisions and does not unduly burden the administration of justice.