■ In the Matter of ALEX PISCIOTTA, as Mayor of the Incorporated Village of Lake Grove, Respondent, v. RONALD P. DENDIEVEL, Petitioner.— This proceeding pursuant to section 36 of the Public Officers Law to remove respondent Alex Pisciotta from the office of Mayor of the Incorporated Village of Lake Grove, Suffolk County, was referred by this court to Mr. Justice William

Geiler to hear and report on numerous charges of misconduct. Respondent now moves to confirm the report, which is for dismissal of all the charges, and petitioner cross-moves for this court to disaffirm the report and to grant the petition for removal. Respondent's motion is granted and petitioner's cross motion is denied. The report is confirmed and the charges are dismissed. Our review of the record in this proceeding and the recently completed audit of the financial records of the village in question by the State Comptroller disclose a number of technical violations of the Village Law, certain administrative oversights by respondent and some municipal accounting deficiencies. Most of the foregoing can be attributable to respondent's inexperience in handling the affairs of this newly incorporated village. As was pointed out by the learned reporting Justice, this court is empowered by section 36 of the Public Officers Law to remove a public official for what amounts to intentional wrongdoing, moral turpitude or a violation of a public trust. We find none of these grounds for removal present at bar. However, should the technical violations of the Village Law and the municipal accounting deficiencies, as detailed in the report under consideration and the Comptroller's "Report of Examination" of this village, continue unabated, such continuation may well be deemed an intentional disregard by those officials responsible therefor of official responsibilities and a violation of a public trust, sufficient to constitute a new basis for removal proceedings. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.