Lawrence E. Kahn, J.
This proceeding is brought pursuant to the provisions of section 36 of the Public Officers Law, to remove Edwin Baker from the office of Supervisor of the Town of Thurman in the County of Warren for misconduct, maladministration, malfeasance or malversation in office.
Respondent moves to dismiss this proceeding on the grounds that section 36 of the Public Officers Law is unconstitutional, or in the alternative, to adjourn the present proceeding pending termination of all criminal charges against respondent.
On January 7, 1976, shortly after respondent was re-elected to his third two-year term, petitioners filed the present petition for his removal. In addition, the Grand Jury of Warren County subsequently indicted respondent for various alleged crimes, which proceedings are still pending.
"This court is empowered by section 36 of the Public Officers Law to remove a public official for what amounts to intentional wrongdoing, moral turpitude, or a violation of a public trust” (Matter of Pisciotta, 41 AD2d 949, 950). The intent of the law is to bestow on the courts discretion to draw a line between an actual intentional breach and mere oversight. Thus, certain administrative oversights and municipal accounting deficiencies by the Mayor of a village, though clearly technical violations of village law, were found attributable to the Mayor’s inexperience and did not constitute grounds for removal. (Matter of Pisciotta, supra.) Had the deficiencies continued unabated, such continuation could be found to constitute an intentional disregard of duty. Where a town supervisor willfully refused to furnish a monthly report pursuant to former section 119 of the Town Law (renum *594 § 125), he could be removed from office. (13 Opns St Comp, 1957, p 250.) Larceny of public funds constitutes grounds for removal (Matter of Abare v Hatch, 21 AD2d 84) as does corrupt bargaining for appointment (48 NY Jur, Public Officers and Employees, § 232), and bribery (48 NY Jur, Public Officers and Employees, § 233). Even continued incapacitation of a councilman due to sickness, with the consequent inability to perform the duties of his office might constitute maladministration (17 Opns St Comp, 1961, p 448). Gross nonfeasance and neglect of duties often constitute negligence. (23 Opns St Comp, 1967, p 902). Whether the acts of a supervisor are sufficient grounds for removal from office is a question for the court to determine. (48 NY Jur, Public Officers and Employees, § 230, 4 Opns St Comp, 1948, p 57.)
Case law thus reduces "malfeasance”, "misconduct”, "maladministration” and "malversation” to a determinable scope of conduct. As a result, this court holds that section 36 of the Public Officers Law is not unconstitutionally vague or overly broad. Nor is section 36 an unconstitutional delegation of legislative power. Section 5 of article XIII of the New York Constitution provides for legislative discretion in removal proceedings. Moreover, under section 13 of article XIII, the Legislature can constitutionally provide for the removal, for cause, of a local officer. Such a provision in no wise trenches upon the right of the people hereunder to choose their officers. (People v Ahearn, 196 NY 221.)
The court certainly recognizes the sacred right of the people to choose their elected officials. Section 36 of the Public Officers Law is in no way intended to interfere with this vital aspect of democratic society. Rather, this section has been enacted to protect the citizens from an elected official who by his misconduct, malfeasance, maladministration or malversation, abuses his public trust, harms the public interest and violates his oath of office.
Respondent also contends that the electorate has, with full knowledge of respondent’s actions, "condoned” respondent’s past conduct and mistakes, if any. This court holds that respondent herein may be removed from office for violations of the Public Officers Law incurred in his prior term of office and that respondent’s re-election to office does not constitute a condonation of the alleged acts of misconduct. Section 36 of said law refers to wrongdoing "in office”.
"[T]here is nothing to indicate that the Legislature intended *595 to treat each term of office to which an official might be reelected to succeed himself as entirely distinct, separate and apart from all other terms”. (Matter of Newman v Strobel, 236 App Div 371, 372.) A respondent may be expelled from office for crimes committed in a previous term of office. (Matter of Corwin v Mercier, 14 AD2d 652.)
It is not necessary for this court to consider the principle of "full disclosure” in the proceeding at bar. That principle implies that the electorate can condone an elected official’s past conduct and mistakes if they have full knowledge of his actions. Because of the circumstances in this proceeding, it is not necessary to consider the reasoning or validity of such a principle. Respondent states that "the contentions of the petitioners were made known well in advance of the election”. Respondent thus concludes that the people of the Town of Thurman were fully aware of these allegations of misconduct and re-elected him, condoning any alleged misconduct. Such reasoning is faulty in that the truth of the allegations has not been proved or admitted by respondent. The principle of condonation would have to be considered by this court if respondent was elected to office following either respondent’s admission of the charges or a judicial determination finding respondent guilty of such alleged misconduct. The citizens of the Town of Thurman were not apprised of all of the charges made against respondent until after his said election nor can there be full disclosure until all of the various charges against respondent have been litigated and finally resolved. In fact, respondent emphatically denied any wrongdoing or misconduct on his part and consequently the "condonation” or "full disclosure” principle is inapplicable in this proceeding.
Respondent further urges that this proceeding be stayed pending the resolution of the criminal charges. In the interest of justice and fairness to the citizens of the Town of Thurman and to respondent himself, this court will proceed as expeditiously as possible. No law dictates that one proceeding should follow another. At this time the remedy as provided under section 36 is appropriate (1971 Opns Atty Gen 41). This remedy is statutorily prescribed and exclusive in cases of this sort. (Sullivan v Taylor, 279 NY 364.)
Nor are petitioners "collaterally estopped” from asserting grounds for removing respondent. There has been no litigation to this date. Nor has there been a final judgment on the part of any court in this State concerning the Baker matter. "The *596 grand jury subsequently indicted Mr. Baker for various crimes” and further recommended the District Attorney proceed against respondent. Surely this is not grounds for "collateral estoppel.” This proceeding under section 36 of the Public Officers Law is of a totally different nature and purpose from the criminal proceedings pending against respondent in the Warren County Court. The two proceedings differ in kind, in presentation of proof, in scope, in penalty and in relief sought. For example, it is possible for respondent to be acquitted of all criminal charges and yet still be found guilty of misconduct necessitating his removal from office pursuant to section 36 of said Public Officers Law. As the court noted in Matter of Newman v Strobel (236 App Div 371, 373, supra), the object of section 36 of the Public Officers Law is "not to punish the offender, but to improve the public service.”
Respondent further contends that this proceeding should be postponed pending the resolution of the criminal charges against him in order that he need not testify in this proceeding with the risk of self incrimination. This contention has no merit in that respondent’s constitutional rights can be fully protected in either proceeding regardless of which is held first and the respondent has the right to invoke the protection of the Fifth Amendment when appropriate.
In regard to petitioners failing to provide a bill of particulars, respondent is entitled to utilize discovery procedure and sanctions as provided in the CPLR.
Finally, as to respondent’s request that the court establish the standard of proof required to be met by petitioners, this court cannot agree that petitioners be required to prove the facts of this proceeding beyond a reasonable doubt. Respondent urges that the same standard of proof be used in this proceeding as in a juvenile proceeding. He cites Matter of Steven B. (30 AD2d 442) and Matter of Arlene ”S” (63 Misc 2d 253) as determinants of the quantum of proof necessary for a guilty finding. These cases, Matter of Steven B. and Matter of Arlene ”S” (supra), dealt with juvenile delinquents being tried in Family Court on charges of assault. The court reasoned that had these children been adults they would have faced criminal charges and thus would have to be found guilty beyond a reasonable doubt. The court was careful to note suoh a standard was applicable to criminal adjudications, not civil. Respondent’s analogy is not in point and fails to rebut the "preponderance of evidence” standard of proof. Although this *597 proceeding is quasi-criminal in nature and requires a finding of wrongdoing and misconduct on the part of respondent, there is no evidentiary rule which requires the same standard of proof in a proceeding under section 36 of the Public Officers Law as is required in a criminal proceeding. Respondent is of course protected to the degree that the burden of proof is upon petitioners to establish any misconduct, malfeasance, maladministration or malversation on the part of respondent and such proof must be established by a preponderance of the evidence.
As was so aptly stated in New York Jurisprudence: "one who takes public office takes it with its risks and burdens as to prosecutions for misconduct therein, even though such prosecution is unfounded and is successfully defended by the occupant of the office.” (48 NY Jur, Public Officers and Employees, § 219, p 108.)
Accordingly, respondent’s motion is denied in all respects.