McNamee, Lochner, Titus and Williams Town Attorneys, New Baltimore
You have requested an opinion, either formal or informal, whether the Town of New Baltimore pursuant to the provisions of Public Officers Law, § 36 may take legal action to remove John Schwabrow from his office as assessor of the Town of New Baltimore because of his alleged wrongful act.
This is our informal opinion on your query.
By letters dated August 20, 1979, September 6, 1979 and September 25, 1979, you have given us the following information concerning this matter:
Mr. John Schwabrow is one of the duly elected assessors of the Town of New Baltimore, New York. Mr. Schwabrow and his wife filed an executed copy of an application for a tax exemption in which he purportedly understated his assessor's salary as being $704.00 when, in fact, it was $750.00, so as to bring his total income down below the $5,500 figure in order that he and his wife may enjoy the tax exemption accorded low income families under existing law. Your letter of September 25, 1979 alleges that assessor Schwabrow intentionally changed his salary listed on the application from $750.00 to $704.00 in order to enjoy such low income exemption. Your earlier correspondence reinforces this allegation.
Public Officers Law, § 36 reads as follows:
 "Any town, village, improvement district or fire district officer, except a justice of the peace, may be removed from office by the supreme court for any misconduct, maladministration, malfeasance or malversation in office. An application for such removal may be made by any citizen resident of such town, village, improvement district or fire district or by the district attorney of the county in which such town, village or district is located, and shall be made to the appellate division of the supreme court held within the judicial department embracing such town, village, improvement district or fire district. Such application shall be made upon notice to such officer of not less than eight days, and a copy of the charges upon which the application will be made must be served with such notice. As amended L. 1935, c. 377; L. 1940, c. 543, eff. April 15, 1940."
The statute specifies the grounds for removal as follows:
 "* * * for any misconduct, maladministration, malfeasance or malversation in office."
The Appellate Division has held that these words include intentional wrongdoing, moral turpitude or a violation of public trust; In RePisciotta, 41 A.D.2d 949 (2d Dept, 1973). See also Application of Abare,21 A.D.2d 84 (3d Dept, 1964).
The statute specifically states "an application for such removal may be made by any citizen resident of such town * * * or by the district attorney of the county in which such town is located * * *".
The plain reading of the statute clearly indicates that only two categories of persons may initiate removal proceedings under Public Officers Law, § 36; these are any citizen resident of such Town or the District Attorney of the county in which such Town is located. It is therefore our opinion that the Town itself does not have standing to initiate removal proceedings. The County Attorney of Ulster County or any citizen resident of New Baltimore is authorized to institute such a proceeding under this statute.
Removal proceedings either by the County Attorney or a resident of the Town of New Baltimore must be instituted in the Appellate Division, Third Department by verified petition. The Appellate Division, in its discretion, may refer the matter to an official referee or to a Supreme Court Justice to hear the case and to submit a report containing findings to the Appellate Division for its ultimate determination.
Attached herewith is a copy of the recent decision of the Appellate Division, Third Department on such removal proceeding under section36 of the Public Officers Law (Matter of Swope v Kean, dated August 23, 1979).
The simultaneous holding of the two positions of clerk of the board of assessors and member of the board of assessors (or sole assessor) by the same person would constitute an incompatibility in function and a conflict of interest and if a clerk is successful in a campaign for election as assessor she must then choose which of the positions she wishes to hold; she cannot hold both at the same time.
Dated: October 18, 1979
James J. Barry, Esq. Town Attorney, Rochester
We acknowledge receipt of your letter inquiring whether the full time clerk of the town board of assessors may be, at the same time, a member of the town board of assessors. The question arises, you report, because the clerk is a candidate for election as an assessor.
The clerk of the board of assessors is an employee subject to the direction and control of the board of assessors, which supervises the clerk's work, may recommend the clerk's pay scale and may recommend disciplinary proceedings against the clerk.
Quite obviously, one of those positions is subordinate to the other, so the doctrine enunciated in People ex rel. Ryan v Green, 58 N.Y. 295
(1874) applies.
In our opinion, the simultaneous holding of the two positions of clerk of the board of assessors and member of the board of assessors (or sole assessor) by the same person would constitute an incompatibility in function and a conflict of interest and if the clerk is successful in her campaign for election she must then choose which of the positions she wishes to hold; she cannot hold both at the same time.
Enclosed herewith for your examination and to illustrate this proposition are informal opinions rendered by this office reported in 1974 Opinions of the Attorney General 281; 1974 Opinions of the Attorney General 307; 1975 Opinions of the Attorney General 150; and one dated June 20, 1978, addressed to David G. Retchless, not yet printed in our bound volumes.