■ In the Matter of WARREN SMITH et al., Petitioners, v GERALD PERLMAN, Respondent. — Proceeding initiated in this court pursuant to section 36 of the Public Officers Law to remove Gerald Perlman from the office of Mayor of the Village of Pine Hill, Ulster County.

In this proceeding, petitioners cross-move for summary judgment removing respondent from the office of Mayor of the Village of Pine Hill, Ulster County. Respondent was initially elected to that position in March, 1977 and was re-elected to a second four-year term in March, 1981. Petitioners, who are various citizen residents of Pine Hill, commenced this proceeding for removal by verified petition dated January 21, 1984. By motion returnable March 5, 1984, respondent moved to dismiss. Petitioners, *inter alia,* cross-moved for summary judgment removing respondent. This court denied the motion to dismiss and withheld determination of petitioners' cross motion pending the filing and service of respondent's answer. Respondent thereafter answered, petitioners' cross motion was renoticed and, after briefs were submitted, oral argument was held.

Respondent was convicted after a jury trial of the crime of official misconduct under subdivision 1 of section 195.00 of the Penal Law, which provides that: "A public servant is guilty of official misconduct when, with intent to obtain a benefit or to injure or deprive another person of a benefit: 1. He commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized". The indictment's third count, upon which respondent was convicted following a jury trial, charged that respondent committed such crime by attempting "to influence the testimony of Margaret Lloyd by using his official capacity as Mayor of the Village of Pine Hill". In securing the conviction at the criminal trial, the People necessarily proved beyond a reasonable doubt the elements of the crime of official misconduct (see CPL 70.20). Although respondent states that the conviction was "unlawful", he does not assert that he was denied a full and fair opportunity to contest the issue of his conviction of the crime. Those facts necessarily decided in the criminal proceeding, specifically, respondent's commission of the crime of official misconduct, may be given conclusive collateral estoppel effect (see *S. T. Grand, Inc. v City of New York,* 32 NY2d 300; *Hooks v Middlebrooks,* 99 AD2d 663). For removal to be warranted under section 36 of the Public Officers Law, there must be a demonstration of "intentional wrongdoing, moral turpitude or violation of public trust" (*Matter of Greco v MacLean,* 99 AD2d 810, 811; see *Matter of Deats v Carpenter,* 61 AD2d 320). The facts necessarily determined in the criminal proceeding warrant respondent's removal

pursuant to section 36 of the Public Officers Law. The cross motion for summary judgment must, therefore, be granted.

Cross motion by petitioners for summary judgment granted, without costs, and Gerald Perlman is removed from the office of Mayor of the Village of Pine Hill, Ulster County. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.