■ In the Matter of PATRICK HENRY, Petitioner, v RAYMOND AUDETTE, Respondent.—Proceeding pursuant to Public Officers Law § 36 to remove the respondent Raymond Audette from the Office of Fire Commissioner of the Bohemia Fire District, Town of Islip, Suffolk County.

Ordered that the matter is remitted to Justice William L. Underwood of the Supreme Court, Suffolk County, to hear and report concerning the charges against the respondent. The Supreme Court shall file its report with all convenient speed.

The District Attorney of Suffolk County commenced the present proceeding by the service of a notice of motion returnable in this court *(see,* Public Officers Law § 36). A parallel proceeding was also commenced in the Supreme Court, Suffolk County. The record now before us does not reveal the current status of that proceeding.

We have reviewed the papers submitted to this court and find that summary disposition of this proceeding is not warranted and that there should be a hearing. Proof of the respondent's conviction, upon his plea of guilty, of two counts of harassment is not sufficient, standing alone, to warrant the imposition of the sanction of removal from office without a hearing *(cf., Matter of Smith v Perlman,* 105 AD2d 878; *Matter of Abare v Hatch,* 21 AD2d 84). The respondent has not been proved, based upon these convictions alone, to have committed such "malicious or corrupt acts" *(see, Matter of Deats v Carpenter,* 61 AD2d 320, 322; *see also, Matter of Greco v MacLean,* 99 AD2d 810, 811) as would warrant summary removal from office. It is also unclear from the papers pre-

sented with this motion how the respondent's allegedly wrongful conduct related to his Office as Commissioner of the Bohemia Fire District.

However, if the allegations concerning the respondent's involvement in the transactions which underlie these convictions are proved to be true, and if some connection between those transactions and the respondent's office is shown, then removal from office may well be warranted. We therefore believe that the matter should be remitted for a full hearing *(cf., Matter of Pisciotta v Dendievel,* 41 AD2d 949; *see also, Matter of Swope v Kean,* 71 AD2d 972). The matter should be referred to Justice Underwood, before whom a duplicative proceeding was apparently brought. Mollen, P. J., Thompson, Bracken and Kunzeman, JJ., concur.