■ In the Matter of AGUSTIN ALAMO, Appellant, v GERTRUDE STROHM et al., Respondents.—Judgment, Supreme Court, Bronx County (Lewis Friedman, J.), entered August 22, 1989, which denied, *inter alia,* petitioner's application to invalidate the nominating petition of respondent Israel Ruiz, Jr., for designation as a candidate for the office of State Senator, 32nd Senatorial District, unanimously reversed, on the law, respondent is found legally ineligible to participate as a candidate in the Democratic primary election to be held September 12, 1989, and the Board of Elections is restrained and enjoined from placing respondent's name on the official ballot and voting machines for such primary election, without costs. In view of the foregoing determination, it is unnecessary to consider the challenge raised by petitioner as to the sufficiency of respondent's nominating petition under applicable provisions of the Election Law.

The order of the same court, entered August 22, 1989, which denied petitioner's application to cancel respondent's voter registration and enrollment in the Democratic Party, will be separately determined by this court at a later date.

On February 3, 1989, respondent, then the State Senator for the 32nd Senatorial District, was convicted by jury verdict of the felony of making a false statement on a loan application (18 USC § 1014), and on March 12, 1989, he was sentenced to imprisonment for a period of 11 months, five months of which was suspended, and placed on probation for three years to commence on his release from confinement, was directed to perform 500 hours of community service, and assessed $50 costs. It should be noted that respondent's sentence was not suspended in its entirety, but only a part of the incarceration portion was stayed. Upon such conviction, respondent automatically forfeited his senatorial office pursuant to Public Officers Law § 30 (1) (e). Respondent contested such forfeiture

and removal both from office and from the State payroll in a CPLR article 78 proceeding challenging such action of the State Comptroller. By order entered May 30, 1989, Supreme Court, Albany County (Edward S. Conway, J.), held that respondent's Senate seat became vacant automatically upon his conviction and that his removal from the State payroll was in all respects lawful.

By seeking election to the unexpired term of the very same office which respondent has already forfeited by reason of his own malfeasance, respondent would nullify the legislative intent of the Public Officers Law which must be read to disqualify him from any entitlement to hold office for the duration of his unexpired term *(People v Ahearn,* 196 NY 221). It is true that Public Officers Law § 30 speaks only of vacating the public office itself, and not a forfeiture of "the term" of such office, but as manifest in *People v Ahearn (supra,* at 230), the Court of Appeals has had little difficulty in construing such language broadly so as to extend its effect to the unexpired term of a public office vacated because of malfeasance: "It is of course true, as is argued by counsel, that we do not speak of removing an official from his 'term' of office. But the right to enjoy for a certain period the privileges and profits of a given position is an important element of an office in its complete conception, and a removal from the office under the conditions here present may fairly mean a dismissal for that period from those rights and privileges."

We reject respondent's attempt to distinguish *Ahearn (supra)* on the ground that here respondent is seeking elective office, and that *Ahearn* involved a borough president removed from office by the Governor for cause who, after such removal, was thereupon purportedly reappointed to fill his unexpired term by the Board of Aldermen of which he was a member. The Court of Appeals declined to countenance such an affront to reason and common sense, and we must reach the same conclusion. The applicable principal does not change—*Ahearn's* disability was held to be coextensive with his unexpired term, and the same result follows here. As observed in *Ahearn (supra,* at 244 [Gray, J., concurring]): "the power to remove from the office, as the result of proceedings under the statute, coupled with the power conferred to fill the vacancy caused by the removal, negatives the person's right to be reinstated in the office during the term for which he had been elected. To assert that the power to reinstate existed, because not restricted in words, is to make of the legislative act a vain and foolish thing."

We too decline to make of the felony disability set forth in the Public Officers Law a vain and foolish thing. Concur—Rosenberger, J. P., Ellerin, Wallach, Smith and Rubin, JJ.