Requestor: Carl G. Whitbeck, Esq., City Attorney City of Hudson 436 Union Street Hudson, N Y 12534
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have informed us that the former police chief of the City of Hudson was convicted of various crimes, including the misdemeanors of obstructing governmental administration, coercion second degree, and attempted hindering prosecution second degree. In a telephone conversation, you informed us that the former chief was also convicted of felonies and that the felony convictions were reversed on appeal. You have asked whether the convictions preclude this individual from being employed as chief of police, as a police officer, or from being elected to other public office.
Under section 30(1)(e) of the Public Officers Law, a public office becomes vacant upon the conviction of the incumbent "of a felony, or a crime involving a violation of his oath of office". A "crime" is defined as a misdemeanor or a felony. Penal Law § 10(6). A conviction, for purposes of section 30(1)(e) occurs upon a verdict of guilty or the entry of a plea of guilty. Matter of Gunning v Codd, 49 N.Y.2d 495 (1980); Criminal Procedure Law § 1.20(13). The time of the conviction for purposes of this provision is not delayed until sentencing. Ibid. Upon the conviction, the office becomes vacant immediately by operation of law.
Thus, under these provisions, at the time of the felony conviction, the office of chief of police became vacant by operation of law. The contingency of reversal of the judgment of conviction does not remove the statutory directive. Matter of Toro v Malcolm, 44 N.Y.2d 146, 150, certdenied, 439 U.S. 837 (1978). The actual reversal of the judgment of conviction does not require the reinstatement of the former officer.Toro, 44 N.Y.2d 146, 150, supra. In any event, you have indicated that the chief was convicted of several misdemeanors including obstructing governmental administration. In a prior opinion of this office, we found that the misdemeanor "obstructing governmental administration", by its terms would tend to undermine the integrity of government and would, therefore, involve a violation of a public officer's oath of office. 1983 Op Atty Gen (Inf) 102. We have not previously dealt with the other misdemeanor convictions. Therefore, the felony conviction or the misdemeanor conviction for obstructing governmental administration, independently, created a vacancy in the office of chief of police under section 30(1)(e) of the Public Officers Law.
It has been decided that the vacancy created by section 30(1)(e) of the Public Officers Law upon a conviction disqualifies the office holder from holding that office for the duration of its unexpired term. Matter ofAlamo v Strohm, 153 A.D.2d 542 (1st Dept 1989); People v Ahearn,196 N.Y. 221 (1909). Thus, when a vacancy occurs under this provision, the former office holder is prohibited from being elected or appointed to that same office for the duration of the term. Ibid.
You have also inquired whether the former chief is eligible to be employed as a police officer. Under section 58 of the Civil Service Law, a person is ineligible for provisional or permanent appointment in the competitive class of civil service as a police officer of a police force or department of any city unless "he is of good moral character". Civil Service Law § 58(1)(d). Further, the State Civil Service Department and municipal civil service commissions may refuse to examine an applicant for a position in the competitive class, or after examination to certify a person "who is found to lack any of the established requirements for admission to the examination or for appointment to the position for which he applies" or "who has been guilty of a crime". Id., § 50(4)(a), (d). Determinations under sections50 and 58 of the Civil Service Law must be reasonable, based on the facts and circumstances relating to the applicant's character and fitness. Matter of Metzger v Nassau County CivilService Commission, 54 A.D.2d 565 (2d Dept 1976).
We conclude that a conviction under section 30(1)(e) of the Public Officers Law creates a vacancy in office which disqualifies the convicted person from that office for the balance of the term. Future employment of the person convicted of crimes to the position of police officer in the competitive class of the civil service is dependent upon a finding that the individual is fit and of good moral character to hold the position.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.