■ In the Matter of SALVATORE MONACO et al., as Members of the Board of Commissioners for the Lackawanna Municipal Housing Authority, Petitioners, v KATHLEEN M. STANISZEWSKI, as Mayor of the City of Lackawanna, Respondent.—Petition insofar as it concerns petitioner Kowalski unanimously dismissed without costs and otherwise determination annulled on the law with costs and petition granted.

Memorandum: Petitioner Salvatore Monaco seeks to annul respondent's decision to remove him from his position as a member of the Board of the Lackawanna Municipal Housing Authority pursuant to Public Housing Law § 34. That decision was based on respondent's findings that from 1984 to 1992, while petitioner was a member of the Board, the compensation for non-union employees was not submitted to the City Council for approval, and that from June 1989 to June 1991 the Authority's tenants' accounts receivable exceeded the Department of Housing and Urban Development (HUD) standard.

The record establishes that the Board failed to submit to the City Council for approval the compensation for all non-union employees for the period 1984 to June 1992, as required by Public Housing Law § 32. It also shows that during that period the executive directors, as well as petitioner and the other Board members, were unaware of the requirement that the compensation of all employees be submitted to the City Council for approval. Additionally, there is nothing in the Authority's by-laws or HUD regulations that specifically provides that the compensation of all employees must be submitted to the City Council for approval. Upon learning of the error in June 1992, the Board sought and received from the City Council approval nunc pro tunc for past compensation granted to non-union workers for the period 1984 to 1992. The record also establishes that between June 1989 and June 1991 the Authority's tenants' accounts receivable exceeded the standard per unit established by HUD. To bring the Authority into compliance, the executive director of the Authority and the Board of Directors, including petitioner, developed and instituted corrective action plans. Those plans were submitted by the Authority to HUD. HUD reviewed and accepted the plans to bring the Authority into compliance and cleared the Authority of its deficiency finding.

To justify the removal of a member of a housing authority pursuant to Public Housing Law § 34, that member's acts must constitute *substantial* "inefficiency, neglect of duty, or misconduct in office," rather than minor administrative oversights, errors or failings *(see generally, Matter of Deats v Carpenter,* 61 AD2d 320, 322; *see also, Matter of Greco v MacLean,* 99 AD2d 810, 811; *Matter of Pisciotta v Dendievel,* 41 AD2d 949, 950; *Matter of Nappi v Ambro,* 34 AD2d 979). The record contains no evidence that the Authority's technical violations of the Public Housing Law or its failure to meet HUD's standard were a result of petitioner's intentional

wrongdoing, malice, or corrupt acts *(see generally, Matter of Greco v MacLean, supra; Matter of Pisciotta v Dendievel, supra)*. Additionally, in each instance the Board, including petitioner, upon being notified of the problem, sought to take corrective action to resolve it. Because the record fails to establish substantial "inefficiency, neglect of duty, or misconduct" by petitioner in his position as a member of the Lackawanna Municipal Housing Authority, respondent's determination to remove petitioner is annulled and petitioner reinstated. Finally, petitioners' counsel concedes that the petition insofar as it concerns petitioner Kowalski is moot because his term has expired. (Article 78 Proceeding Transferred by Order of Supreme Court, Erie County, Joslin, J.) Present—Boomer, J. P., Pine, Lawton, Boehm and Davis, JJ.