Requestor: Michael S. McGrady, Esq., Town Attorney Town of Delaware P.O. Box 220 Hankins, N Y 12741
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have requested our opinion regarding section 36 of the Public Officers Law which provides, upon an application by a citizen, for removal from office by the Appellate Division of certain officials, including town officials, for any misconduct, maladministration, malfeasance, or malversation in office.
The general purpose to be served by section 36 is to improve the public service. Matter of Baker v Baker, 87 Misc.2d 592, 596 (Sup Ct Warren Co 1976). It is not intended to punish the offender. Ibid.
First, you ask whether a public officer who has been removed under section 36 may be appointed or run for election to fill the vacancy in the office or whether removal under section 36 is for the entire term that the officer is serving. In our view, removal is for the entire term. In construing the provisions of section 30 of the Public Officers Law which provides for a vacancy in office upon the occurrence of specified events, such as the conviction of the officeholder of certain crimes, we found that the removal is for the entire term. Op Atty Gen (Inf) No. 93-13; see also, Alamo v Strohm, 153 A.D.2d 542 (1st Dept 1989). Like section 36, section 30 provides for removal from office without specifying whether that removal is for the entire term. Thus, the reasoning of these opinions is applicable.
 "By seeking election to the unexpired term of the very same office which respondent has already forfeited by reason of his own malfeasance, respondent would nullify the legislative intent of the Public Officers Law which must be read to disqualify him from any entitlement to hold office for the duration of his unexpired term."
Alamo v Strohm, supra, at p 543.
See also, People v Ahearn, 196 N.Y. 221, 229 (1909), dealing with the removal of a New York City borough president under a provision of the city charter. The Court of Appeals found that removal was for the entire remaining term of office.
 "It is of course plain that the legislature intended that the proceeding should be a serious one and an effective method of getting rid of unfit public officials. It is equally clear and will doubless [sic] be so conceded in anything which may be said or written on the other side of this question, that this purpose will be frustrated and the administration of the law turned into a farce if under it an official may be immediately reappointed and a removal turned into a mere temporary suspension. In order to avoid such a result and keeping in mind the purpose of the statute we are justified, in my judgment, in construing the removal for which it provides as meaning a permanent and lasting ouster for the entire remaining term of the incumbent from the office which he has been filling and whose obligations he has been found unable or unwilling to discharge."
People v Ahearn, supra, at p 229.
Second, you have asked whether an officer removed under section36 of the Public Officers Law may be nominated and elected to anew term of the same office at the next election. In our view, the officer may be elected to a new term. See, People v Ahearn, supra, at p 234. In that the general purpose of section 36 of the Public Officers Law is to protect the public, that same public should have the right with full knowledge of the removal, to elect that officer to a new term of the same office. Matter of Abare v Hatch, 21 A.D.2d 84, 86 (3d Dept 1964). See, Matter of Newman v Strobel, 236 App. Div. 371, 373 (4th Dept 1932).
We conclude that the removal of a public officer under section 36
of the Public Officers Law is for the entire term of that office. The officer may, however, subsequently be elected to a new term of the same office.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.