■ In the Matter of WILLIAM V. GRADY, Petitioner, v WILLIAM R. YENO, Respondent. [754 NYS2d 562] —Proceeding pursuant to Public Officers Law § 36 to remove the respondent, William R. Yeno, from the office of Town Highway Superintendent of the Town of Dover, Dutchess County.

Adjudged that the petition is granted, without costs or

disbursements, and the respondent, William R. Yeno, is removed from the office of Town Highway Superintendent of the Town of Dover, Dutchess County.

The respondent began serving as Town Highway Superintendent of the Town of Dover on January 1, 1992. In June 2001 the Dutchess County Grand Jury returned an indictment charging the respondent with various crimes, including two felonies, and multiple counts of official misconduct in violation of Penal Law § 195.00 (1). The respondent subsequently agreed to plead guilty to, inter alia, six counts of official misconduct in full satisfaction of the indictment. Penal Law § 195.00 (1) provides that a public servant is guilty of the class A misdemeanor of official misconduct "when, with intent to obtain a benefit or deprive another person of a benefit * * * [h]e commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized." During the course of the plea proceeding, the court recited the elements of Penal Law § 195.00 (1), and the respondent admitted his guilt of official misconduct as defined by the statute. The respondent also admitted, more specifically, that while serving as Highway Superintendent, he committed acts which included taking gasoline and diesel fuel from Town pumps to fill his own personal and business vehicles, using Town license plates on his personal business equipment, and using Town employees and Town equipment to perform private work.

Following the respondent's conviction of official misconduct, the District Attorney of Dutchess County commenced this proceeding to remove the respondent from office pursuant to Public Officers Law § 36. This statute authorizes the Appellate Division of the Supreme Court to remove a Town officer "for any misconduct, maladministration, malfeasance or malversation in office."

Under the circumstances of this case, the District Attorney's application for removal should be granted. The admissions made by the respondent during the course of the plea proceeding, which resulted in his conviction of six counts of official misconduct, are prima facie evidence that he committed misconduct in exercising his duties as Highway Superintendent (*see Matter of Abare v Hatch,* 21 AD2d 84, 86; *see also Smith v Perlman,* 105 AD2d 878). Summary removal is warranted for this misconduct, which violates the public trust (*see Matter of Phillips v Dally,* 143 AD2d 273; *Smith v Perlman, supra; Matter of Abare v Hatch, supra*).

The contentions raised by the respondent in opposition to

the petition are without merit. Santucci, J.P., Krausman, Adams and Crane, JJ., concur.