(April 20, 2007)

■ In the Matter of WELLINGTON SHARPE et al., Appellants, v MATHIEU EUGENE, Respondent, et al., Respondent. [833 NYS2d 669]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate an independent nominating petition nominating Mathieu Eugene as a candidate in a special election to be held on April 24, 2007 for the public office of Member of the New York City Council, 40th Council District, the appeal is from a final order of the Supreme Court, Kings County (Levine, J.), dated April 12, 2007, which granted the application of Mathieu Eugene to dismiss the petition and dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

We affirm the final order dismissing the proceeding, although we do so on a ground different from that relied upon by the Supreme Court. Under the circumstances of this case, the Supreme Court should have reached the merits of the petitioners' challenge to Mathieu Eugene's independent nominating petition. Since that challenge is one that may be determined as a matter of law, for purposes of judicial economy, we have considered the petitioners' challenge and find it to be without merit. Public Officers Law § 30 addresses the creation of vacancies in public office. Contrary to the petitioners' contention, Public Officers Law § 30 (1) (h) does not preclude Eugene from seeking office in the special election to be held on April 24, 2007. The authority upon which the petitioners rely is inapposite, as it addresses a separate subsection of Public Officers Law § 30 (*see Matter of Alamo v Strohm*, 153 AD2d 542 [1989], *affd* 74 NY2d 801 [1989]). Fisher, J.P., Dillon, Carni and Dickerson, JJ., concur.